## NEW YORK SUPERIOR COURT.

### PURVES agt. MOLTZ.

Where goods come rightfully into the defendant's possession, as a mere bailee in good faith, and they are subsequently wrongfully *detained*, it is necessary to allege a *demand for their delivery*, in an action for their *wrongful detention*.

Where goods come to the possession of a defendant by a mistake, of which he is aware at the time, and he subsequently, through voluntary repairs upon the same, claims a lien thereon, for which he detains the same, he is a wrong-doer from the beginning. Consequently, he is liable in an action for the wrongful *taking and detention*, and no *demand* for delivery is necessary to be alleged.

*Special Term, April,* 1867.

MOTION by defendant for a new trial.

ALEXANDER H. REAVY, *for defendant and the motion.*

Defendant refers to *Randall* agt. *Cook* (17 *Wend.* 53). If the original *taking* was lawful, the action must be in the *detinet.* One who having a possession *originally* lawful, merely refused to deliver, is not liable in replevin in the *cepit* (*Hyman* agt. *Cook, How. Ap. Cases*, 419).

In an action for chattels, a demand before suit is necessary, where the chattels were lawfully in defendant's possession (*N. Y. Car Oil Co.* agt. *Richmond*, 6 *Bosw.* 213).

No one can be subjected to an action concerning personal property which he has acquired without any wrong on his own part, without a previous demand by the owner (*Stevens* agt. *Hyde*, 32 *Barb.* 171).

The *place* of taking has always been held material, and necessary to be stated with certainty. (*Gardner* agt. *Humphrey*, 10 *Johns.* 53 ; 11 *Id.* 33.)

In an action to recover possession of personal property, where the property which is the subject of the action came to the possession of the defendant by delivery from the wrong-doer, and defendant detains it, it is necessary for plaintiff to allege that defendant has refused to deliver it up upon a demand (*Fuller* agt. *Lewis*, 3 *Abb.* 384).

MR. HART *and* MR. BOYCE, *for plaintiff, opposed.*

ROBERTSON, Ch. J. The action in this case is for goods wronfully taken and detained. The complaint alleges them to have been so taken, without any demand for their delivery, which would be necessary to show a right of action. In case the goods came rightfully into the defendant's possession, and they were subsequsntly wrongfully detained (*N. Y. C. Oil Co.* agt. *Richmond*, 6 *Bosw.* 213), such demand was necessary to be alleged in an action for mere wrongful detention, where the original possession was lawful, and a demurrer would lie for want of it.

In this case the evidence showed that the machine sued for was delivered to the defendant by a blunder ; that he did

nothing when he received such machine to correct such mistake, but rather lent himself to favoring it. He never had any communication with any one respecting it before ; had no reason to believe that it was intended for him, yet received it into his possession without authority from the owner, and having good reason to believe from the statement of the express driver, that it was not intended for him. If he had done nothing more than become a mere bailee in good faith, he probably would not have been liable to an action for wrongful taking. But forthwith, after receiving it, he commenced to make repairs upon it, without any request or direction from any one—no such purpose having been stated by the party leaving it. Having made such repairs wrongfully, he claimed a lien on the machine for their value, which of course made his detention wrongful. Such conduct may be made to relate back to the original receipt of it, so as to throw light upon the motive for taking and keeping it. If he took it, knowing of the mistake, and intending to get a job, and compel the owner to pay for it, or retain possession until he did, he did not receive it for a legitimate purpose with the plaintiff's assent, and was a wrong-doer from the beginning. He knew the expressman had no authority to deliver it to him, and if he sought to take advantage of his neglect or mistake, he was not an innocent bailee. Larceny may be established by the evidence which the subsequent conduct of a party affords of the purpose of the original taking, although the article may be voluntarily delivered.

I see no reason why a tort may not also be established by the same means. If the defendant had instantly demolished the machine, there would have been no doubt as to the character of the original taking. I cannot perceive any difference in principle between that cause and this.

The verdict of the jury, is, therefore, conclusive, and the new trial must be denied, with $10 costs.